UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON OLSON, | Court File No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| AMAZON.COM INC., | |
| Defendant. | |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Amazon.com, Inc. ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Hennepin County District Court, State of Minnesota, to the United States District Court for the District of Minnesota. In support of its Notice of Removal, Defendant states as follows:

1. On or about April 7, 2021, Plaintiff, Aaron Olson, ("Plaintiff") commenced a civil action against Defendant in the Hennepin County District Court in the State of Minnesota, by service pursuant to Minnesota Rule of Civil Procedure 3.01. A true and correct copy of the Summons and Complaint is attached as Exhibit A to the Declaration of Emily A. McNee. Plaintiff served Defendant with his Summons and Complaint on May 17, 2021. A true and correct copy of the Notice of Service of Process is attached as Exhibit B to the Declaration of Emily A. McNee.

2. ***Diversity Jurisdiction Basis for Removal:*** This case is also a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3. ***Citizenship of Parties:*** Plaintiff is the sole identified plaintiff in this action. Upon information and belief, Plaintiff was a citizen and resident of the State of Minnesota at the time of

the commencement of this action and is now a citizen and resident of the State of Minnesota (*See* McNee Decl. Ex. A.)

4. Defendant is the sole identified defendant in this action. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located. At the time of the commencement of this action and continuing to the present, Defendant is formed under the laws of the State of Delaware with its principal place of business in the State of Washington. Defendant is therefore a citizen of Delaware and Washington. Plaintiff is, therefore, diverse in citizenship from Defendant so as to vest removal jurisdiction in this Court. (*See* Compl. ¶¶ 1, 2.)

5. ***Amount in Controversy:*** This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. To determine whether a fact finder might legally conclude that the amount in controversy is greater than $75,000.00, a court may consider total compensatory damages (including emotional distress damages), treble damages, and punitive damages. *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages); *Zunamon v. Brown*, 418 F.2d 883, 887 n.5 (8th Cir. 1969) (treble damages). Plaintiff has pleaded that he is seeking "damages from Defendant in excess of $50,000, but not more than $74,900." (Compl. ¶ 23.) Where a plaintiff pleads an amount under the jurisdictional minimum, a removing party may show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *Newbauer v. Hill-Rom Co.*, No. 18-CV-0559 (PJS/HB), 2018 U.S. Dist. LEXIS 89720, at *2-3 (D. Minn. May 29, 2018); *see also McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10-CV-746-MLM, 2010 WL 2399550 (E.D. Mo. June 10, 2020) ("Plaintiff's statement in her Amended Petition that the damages do not exceed $75,000.00, exclusive of interest and costs, is not binding.

Although a plaintiff has attempted to insulate his case from removal by waiving a portion of his damages and asking less than the jurisdictional amount, he may not defeat removal by simply seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) ("As a functional matter, plaintiffs are attempting to avoid federal jurisdiction. This goal is the same whether they pick a number such as [$74,999] or merely announce a ceiling that, conveniently, is barely within the statutory limit."); *Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 872 (W.D. Tex. 2016) (permitting removal where "Plaintiffs' assertion of a $74,999.00 damages cap in their petition . . . was designed to avoid removal"); *Wise v. Gallagher Bassett Servs., Inc.*, No. Civ. JFM-02-2323, 2002 WL 2001529, at *1 (D. Md. Aug. 27, 2002) (stating that "[o]bviously, plaintiff has engaged in 'forum manipulation' in an effort to defeat defendant's removal right" where plaintiff requested damages of only $75,000 and later amended her complaint to increase the damages to $750,000). Taking Plaintiff's damages claims together and his clear statement that he is seeking compensatory damages, and where punitive damages, treble damages and emotional distress damages are available, this is the type of case wherein the damages sought routinely exceed $75,000.00, such that Defendant may remove this action. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."). These aggregate damages amount to a claim for over $75,000.00 and thus, exceed the requisite amount in controversy.

6. **Venue:** Venue is proper under 28 U.S.C. § 1441(a) in the United States District Court for the District of Minnesota, based upon allegations in Plaintiff's Complaint and Jury

Demand. This Court is the district court of the United States for the district and division embracing the place where this action is currently pending.

7.  **Timing of Removal:**  Fewer than thirty (30) days have elapsed since May 17, 2021, when Plaintiff first served Defendant with the Complaint. *See* 28 U.S.C. § 1446(b).

8.  Simultaneous with the filing of this Notice of Removal, Defendant has notified the Hennepin County District Court in the State of Minnesota of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

9.  True and correct copies of the Notice of Removal (with accompanying Exhibits) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the Hennepin County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Hennepin Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated: June 4, 2021

s/ *Michael G. Congiu*
Michael G. Congiu, Bar No. 0397018
mcongiu@littler.com
Emily A. McNee, Bar No. 0395228
emcnee@littler.com
Charles J. Urena, Bar No. 0401116
curena@littler.com
LITTLER MENDELSON P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:   612.630.1000

Attorneys for Defendant